UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: CHRISTOPHER S. BRADLEY                    Case No. 11-34251-DOT
    Chapter 7 Debtor

DARRYL CHEATHAM and
DE'IONNE CHEATHAM,
    Plaintiffs                               Adv. Proc. No 11-03205-DOT
v.

CHRISTOPHER S. BRADLEY
    Defendant.

### MEMORANDUM OPINION

Plaintiffs, Mr. and Mrs. Cheatham, initiated this adversary proceeding by complaint filed August 24, 2011.[1] They seek to except from discharge their prepetition state court judgment against debtor Christopher S. Bradley in the amount of $215,181.67. The complaint stated that the state court judgment was "for fraud" but did not cite any provision of the Bankruptcy Code.

Trial of this adversary proceeding was held on May 3, 2012, at which time the court received the parties' evidence, including copies of plaintiffs' state court complaint and the judgment order entered in that case. Following trial, at the request of the court each party has filed proposed findings of fact and conclusions of law. Two issues are presented: 1) Whether under the doctrine of collateral estoppel, plaintiffs are entitled to a ruling excepting the state court judgment debt from discharge as a matter of law, and 2) alternatively, if collateral estoppel is not

---

[1] The complaint was subsequently amended to remove an incorrectly added name from the caption of the case.

applicable, whether plaintiffs proved at trial that their claim against debtor should be excepted from discharge.

For the reasons stated below, the court finds that collateral estoppel is applicable in this case, and debtor is precluded from defending against plaintiffs' complaint. Accordingly, the court finds that plaintiffs' judgment in the amount of $215,181.67 is excepted from debtor's discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

## Findings of Fact.

Debtor Christopher S. Bradley filed this bankruptcy case as a chapter 13 on June 29, 2011. He voluntarily converted the case to a chapter 7 on February 7, 2012. Prior to filing bankruptcy, debtor operated a residential construction business under the name of Alpha & Omega Restoration Services.

Plaintiffs are the owners of residential real property located at 208 West Home Street, City of Richmond, Virginia. On September 1, 2006, this property was damaged as a result of flooding from a city sewer during a storm. The property was boarded up following the storm. In 2008, plaintiffs contacted debtor for the purpose of employing him to repair the damage to their residence, including mold remediation. Debtor assured plaintiffs that he was qualified and that he was appropriately licensed to perform the necessary construction services, including the mold remediation. Plaintiffs believed debtor's assurances of his qualifications. In fact, however, debtor did not have the appropriate licenses, and he was less than fully qualified to perform the work required under the contract.

On July 21, 2008, plaintiffs and debtor entered into a contract providing for debtor to perform construction services in accordance with schedules attached to the contract. The total contract price was $67,000.00 to be paid in three equal installments. The price of $67,000.00 was the same amount of plaintiffs' remaining claim against the City of Richmond based upon the failure of the city's sewer system during the 2006 storm.

Debtor commenced work on the contract and did substantial work, but he had not completed the work by November 2008, at which time plaintiffs took debtor off the job because of his substandard performance in many respects.

In 2009, plaintiffs filed a lawsuit against debtor and his firm in the Circuit Court of the City of Richmond, Virginia, in Case No. CL09-1900-2. The complaint alleged damages under four counts, caused by debtor's "wanton, substandard, and careless" performance under the parties' contract dated July 21, 2008. Count III of the complaint alleged plaintiffs suffered damages in the amount of $86,181.67 based on debtor's fraud and misrepresentation. The prayer of the complaint asked for damages for misrepresentation and fraud in the amount of $258,545.01. The factual basis for this sum is not revealed in the present record.

On May 31, 2011, the Richmond Circuit Court entered the following judgment order:

**ORDER**

On May 20, 2011 came the Plaintiffs to this action, in person and by counsel, upon Plaintiff's Complaint against Defendants for Breach of Contract, Negligence, Gross Negligence and Fraud and

3

Misrepresentation. This day Defendants failed to appear requesting a continuance on the day of trail [sic] stating to the Court by fax, that he was out of town and unable to attend. The Defendants made the same claim prior to the last noticed hearing and counsel for Plaintiff agreed to a continuance for that hearing. The defendants signed off on the prior continuance and was [sic] given notice of the hearing. Further Defendants had actual notice of the hearing as he [sic] called the Court to inform them he would not attend. The Defendants further failed to attend a settlement conference even though his [sic] schedule was accommodated.

The evidence of the parties was presented.

After hearing arguments of counsel and considering the testimonies of witnesses, the Court rendered the following Judgment amount of $215,181.67 for fraud and misrepresentation and $43,363.00 for breach of contract.

It is therefore ORDERED that the plaintiff recover and have judgment against the defendants in the amount of $258,545.01 with interest thereon at the rate of 6% per year from the date of judgment until paid and costs. The defendants [sic] counterclaim is dismissed as no evidence was presented.

IT IS FURTHER ORDERED that a certified copy of this Order be mailed to counsel of record. And nothing further remaining to be done, it is ORDERED that this matter be stricken from the docket and the papers filed among the ended causes.

ENTER: 5/31/11

_____/S/_____
JUDGE

Discussion and Conclusions of Law.

Plaintiffs seek to except their judgment against debtor from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), which provides in part as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt -
(2) for money, property, services, or an extension, renewal, or refinancing of

4

> credit, to the extent obtained, by -
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . .

In order to prevail in a claim under § 523 (a)(2)(A), the plaintiff must establish:

> (1) that the debtor made misrepresentation or committed other fraud;
> (2) that at the time the debtor knew the conduct was fraudulent;
> (3) that the debtor's conduct was with the *intention and purpose* of deceiving or defrauding the creditor;
> (4) that the creditor relied on the debtor's representations or other fraud; and
> (5) that the creditor sustained loss and damage as the proximate result of the representations or fraud.

*Western Union Corp. v. Ketaner (In re Ketaner)*, 154 B.R. 459, 464-465 (Bankr. E.D. Va. 1992); *see also Kendrick v. Pleasants (In re Pleasants)*, 231 B.R. 893, 897 (Bankr. E.D. Va. 1999), *aff'd* 219 F.3d 372 (4th Cir. 2000); *Marunaka Dainichi Co. Ltd. v. Yamada (In re Yamada)*, 197 B.R. 37 (Bankr. E.D. Va. 1996). A creditor bringing an action under § 523 (a)(2)(A) must prove each element by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

It is significant here that the elements of fraud under Virginia law are the same these set out in the preceding paragraph. *See, Nationwide Ins. Co. v. Patterson,* 229 Va. 627, 629, 331 S.E. 2d 490, 492; *Chandler v. Satchell,* 160 Va. 160, 171-172, 168 S.E. 744, 748 (1933); 8B M.J., Fraud and Deceit, § 3.

Plaintiffs sued debtor in the Circuit Court of the City of Richmond and obtained a prepetition judgment against him in the amount of $215,181.67 based upon "fraud and misrepresentation." Plaintiffs argue that by virtue of this judgment, debtor is collaterally estopped or precluded from opposing entry of an order

excepting the judgment from his discharge pursuant to Bankruptcy Code § 523(a)(2)(A),

Whether the doctrine of collateral estoppel or issue preclusion applies in a bankruptcy case is determined by state law. *Sartin v. Macik*, 525 F.3d 284, 287 (4th Cir. 2008), *Pahlavi v. Ansari* (In re Ansari), 113 F.3d 17, 19 (4th Cir.1997). Application of the doctrine in Virginia "precludes parties to a prior action and their privies from litigating in a subsequent action any factual issue that actually was litigated and was essential to a valid, final judgment in the prior action." *Transdulles Center, Inc. v. Sharma*, 252 Va. 20, 22-23, 472 S.E. 2d 274, 275 (1996) (citations omitted). In *Transdulles*, the Supreme Court of Virginia held that for collateral estoppel to apply under Virginia law,

> the parties to the two proceedings . . . must be the same; the factual issue sought to be litigated actually must have been litigated in the prior action and must have been essential to the prior judgment; and the prior action must have resulted in a valid, final judgment against the party sought to be precluded in the present action.

*Id.*

The issue here then is whether the issue of "fraud and misrepresentation" was actually litigated in plaintiffs' suit against debtor. Debtor argues that the issue was not actually litigated because he was not present at the hearing in Richmond Circuit Court. According to debtor, plaintiffs' judgment was entered by default, and a default judgment is not a basis for collateral estoppel.

The court has set out in the findings of fact above the only evidence of the trial

6

record in support of plaintiffs' prepetition judgment. The critical evidence is the following language in the circuit court's judgment order:

> The evidence of the parties was presented. After hearing arguments of counsel and considering the testimonies of witnesses, the court rendered the following Judgment amount of $215,181.67 for fraud and misrepresentation and $43,363.00 for breach of contract.

This language must be compared to the facts in other collateral estoppel decisions involving whether an issue was actually litigated.

The Virginia Supreme Court considered the issue in *Transdulles Center, Inc. v. Sharma*. In this case involving a commercial lease, the landlord obtained a general district court default judgment against its tenant for possession and rent. The tenant had been personally served but failed to appear in the proceeding. In a subsequent suit in circuit court brought by the landlord for additional rent, the tenant appeared and argued that the landlord was not entitled to further recovery under the lease. The circuit court ultimately agreed with the tenant and held that collateral estoppel did not preclude the tenant's denial of further liability under the lease; the court ruled that there had not been actual litigation of the issues before the general district court because the judgment was by default. 252 Va. at 25, 472 S.E.2d at 277.

The Virginia Supreme Court reversed the circuit court based on its finding that there had been actual litigation of the issue in the district court. The court described the litigation as follows:

> Testimonial and documentary evidence was presented ex parte in the district court hearing. The circuit court record established that proof was presented in the district court through a bookkeeper for the landlord and through the landlord's attorney, who presented the lease and other documents including an affidavit supporting the attorney's fees claimed. We disagree with the tenant's argument that before an issue may be

> "actually litigated" in a court proceeding, the defendant must personally appear at the hearing and contest the matter.

252 Va. at 24, 472 S.E.2d at 276.

Following the decision in *Transdulles*, the Court of Appeals for the Fourth Circuit had occasion to consider the doctrine of collateral estoppel in a bankruptcy dischargeability adversary proceeding. In *Pahlavi v. Ansari (In Ansari)*, 113 F.3d 17 (4th Cir. 1997), the issue was whether there had been actual litigation when a prepetition state court judgment was rendered by default. Pahlavi had sued Ansari in a Virginia state court for fraud and breach of fiduciary duty. Because debtor Ansari failed to comply with discovery orders, the state court entered a default for plaintiff and referred the case to a commissioner for calculation of damages. The court also ordered that all of the allegations of the complaint be taken as true. The commissioner conducted hearings and issued a detailed report that recommended plaintiff be awarded compensatory damages in excess of six million dollars. Subsequently, the state court confirmed the commissioner's report and awarded plaintiff compensatory damages in excess of seven million dollars. The state court later held an evidentiary hearing after which it awarded plaintiff an additional two million dollars in punitive damages.

After the state court judgment was entered, the debtor filed a chapter 7 bankruptcy petition. In the ensuing dischargeability adversary proceeding, brought by Pahlavi, the bankruptcy court granted summary judgment to plaintiff excepting from debtor's discharge the state court compensatory damage award pursuant to

8

§ 523(a)(4) as a debt "for fraud or defalcation while acting in a fiduciary capacity." The court applied the doctrine of collateral estoppel as the basis for summary judgment.[2] The district court affirmed.

On appeal to the Fourth Circuit, debtor argued that collateral estoppel was not appropriate because the state court judgment had been based on default, and thus the dischargeability issue had never been actually litigated. The court of appeals disagreed and affirmed the lower courts, relying heavily on the Virginia Supreme Court's ruling in *Transdulles*. 113 F.3d at 19-21. The court of appeals noted that in the state court "multiple depositions were taken, many documents exchanged and the court and commissioner held numerous hearings in which Ansari appeared in person or by counsel." *Id.* at 21. The court pointed out that in fact, there had been even more evidence of actual litigation before the state court than there had been in *Transdulles*. *Id.*[3]

Finally, Judge Santoro of this district reached a different result on the "actually litigated" issue in *Reed v. Owens (In re Owens),* 449 B.R. 239 (Bankr. E.D.

---

[2]The bankruptcy court denied summary judgment for the punitive damage award, finding that additional evidence would be required to sustain that element of the state court judgment.

[3]In its analysis, the court in *Pahlavi v. Ansari* cited with approval the case of *Bush v. Balfour Beatty Bahamas, Ltd.*, 62 F.3d 1319 (11th Cir. 1995), in which the Eleventh Circuit stated that "[w]here a party has substantially participated in an action in which he had a full and fair opportunity to defend on the merits, but subsequently chooses not to do so, . . . it is not an abuse of discretion for a district court to apply the doctrine of collateral estoppel to prevent further litigation of the issues resolved by the default judgment in the prior action." *Id.* at 1325.

9

Va. 2011).The case involved willful and malicious injury under § 523(a)(6) and arose out of a bar fight. Reed obtained a default judgment against Owens in Newport News Circuit Court. In the bankruptcy court, the only evidence of the proceedings in state court were the plaintiff's motion for judgment and the court's judgment order, which stated: "the defendants having not answered the plaintiff's motion for judgment and being solemnly called came not . . . . And the evidence of the plaintiff being heard, the Court entered judgment for plaintiff against the defendant in the amount of $100,000." *Id.* at 252. Judge Santoro ruled that the doctrine of collateral estoppel did not apply to except the judgment from debtor's discharge as a willful and malicious injury. The court was simply unable under such a record to determine whether there had been actual litigation "sufficient to meet the standard of proof required by § 523(a)(6)." *Id.* at 253.

The three cases interpreting Virginia law just discussed provide guidance to a resolution of the present case. In *Transdulles*, although the defendant did not appear in court. "testimonial and documentary evidence was presented," and evidence was presented through a bookkeeper and through the plaintiff's attorney's presentation of the lease and an affidavit in support of the attorney's fees. 252 Va. at 24, 472 S.E.2d at 276. In *Pahlavi v. Ansari*, with the defendant-debtor's participation, "multiple depositions were taken, many documents were exchanged," and numerous hearings were held with the defendant present. 113 F.3d at 21. In both of these cases, the courts applied the doctrine of collateral estoppel after finding that there was actual litigation of the issues that resulted in the judgments against the defendants. In

10

contrast, the bankruptcy court in *In re Owens*, 449 B.R. at 253, found there was no actual litigation when the only evidence from the state court was a judgment order that stated the defendant did not appear at trial and that "the evidence being heard" the court entered judgment against the defendant. *Id. Owens* is distinguishable from the present case in that it involved willful and malicious injury. The bankruptcy court was unable to tell from the state court record whether the state judgment had been rendered in accordance with the unique requirements for nondischargeability under § 523(a)(6). That feature is not present in this case because fraud under Virginia law is essentially the same as fraud under § 523(a)(2)(A).

In the present case the evidence surrounding plaintiffs' Richmond Circuit judgment is quite limited. We learn from the judgment order that the defendant-debtor had filed a counterclaim in the case, that he had requested a continuance of a previous trial date; that he had failed to show for a settlement conference scheduled at a time to accommodate him, and that he had notice of the trial date and called the court to inform it that he would not attend. The order further reveals that at trial on May 20, 2011, "evidence of the parties was presented," the court heard "arguments of counsel," and "considering the testimonies of witnesses, the Court rendered the following Judgment amount of $215,181.67 for fraud and misrepresentation and $43,363.00 for breach of contract."

The facts here are sufficiently similar to those in the Virginia Supreme Court's decision in *Transdulles*, and that case is controlling here. Plaintiffs' evidence, slim as it is, establishes that the issues of "fraud and misrepresentation" were actually

11

litigated in Richmond Circuit Court. Of the facts referred to in the circuit court's May 31, 2011, order, defendant's filing of a counterclaim in the case is particularly cogent evidence of his active participation in the circuit court action. Consequently, debtor is estopped or precluded from contesting the dischargeability of plaintiffs' judgment in the amount of $215,181.67. The judgment is therefore excepted from debtor's discharge pursuant to 11 U.S.C. § 523(a)(2)(A).[4]

Having concluded that plaintiffs' judgment is excepted from discharge pursuant to the doctrine of collateral estoppel, the court finds it unnecessary to consider the evidence present at trial on May 3, 2012, and will enter an order in conformance with this opinion.

A separate order will be entered.

Signed: August 23, 2012

    /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT
Entered on Docket:   August 23, 2012

---

[4] At trial, debtor's attorney suggested that collateral estoppel should not apply in this case because in Virginia, there are two types of fraud, actual and constructive, and the Richmond Circuit Court did not distinguish between the two types in rendering its judgment for plaintiffs. The essential difference between actual and constructive fraud is that actual fraud is intentional whereas constructive fraud is the breach of a legal or equitable duty that the law declares fraudulent regardless of the defendant's actual intent. *See* 8B M.J., Fraud and Deceit, § 3, pp. 373-379. The distinction between actual and constructive fraud has no bearing in this case.

Copy to:

Robert A. Canfield
Canfield, Baer, & Heller, LLP
2201 Libbie Avenue, Suite 200
Richmond, Virginia 23230
Counsel for Debtor/Defendant

Henry W. McLaughlin, III
Eighth & Main Building
707 East Main Street, Suite 1375
Richmond, Virginia 23219
Counsel for Plaintiffs

Sherman B. Lubman
P.O. Box 5757
Glen Allen, Virginia 23058-5757
Chapter 7 Trustee